

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 3, 1972

Honorable Wm. J. Jackson
County Attorney
Hemphill County
Box 487
Canadian, Texas   79014

Dear Mr. Jackson:

Opinion No.   M-1113

Re: Whether Hemphill County may
pay a portion of the salary of
the manager of a historical
museum under the facts sub-
mitted?

You have requested an opinion of this office as to whether Hemphill County may pay a portion of the salary of the manager of a historical museum under the following facts:

> "The museum is maintained on the highway at the corner of 2nd and Main Streets in the City of Canadian in an old building formerly housing the Moody Hotel, the use of which premises is donated by the owners. The museum has a large sign stating 'Pioneer Museum.' The museum contains exhibits of pioneer goods and products, some of which have been donated to the museum, some of which are owned by the manager, and some of which are on loan to the museum, having been given to the museum with the understanding and agreement that they will revert to the original owner if the museum is closed.

> "The salary of the manager is paid jointly by Hemphill County, the City of Canadian, Texas, and the Chamber of Commerce, with the County paying $200 of the salary, the City paying $150, and the Chamber of Commerce paying $100 per month. As stated above, the premises are donated and utilities and other expenses are paid from voluntary donations by vistors to the museum.

-5424-

"The museum is open to the public daily and
admission is without charge.

"The manager of the museum does maintain
a small gift shop on the premises, selling
souvenier items, the profits of which are
used for expenses of maintaining the museum,
together with donations, as above indicated. "

Article 2372d, V.C.S., provides, in part, that:

"Section 1. All counties in the State . . .
may also establish and maintain museums
. . .

"Section 2. The Commissioners' Court . . .
may . . . participate with local interests in
providing for . . . the expenses incident thereto. "

In addition, Article 6081e, V.C.S., also authorizes the county
and city, or either, to acquire and operate museums. Section 1 of
this Article reads, in part, as follows:

". . . Any county or any incorporated city of
the State, either independently or in cooperation
with each other, . . . may acquire by gift,
devise or purchase . . . lands and buildings to
be used for . . . historical museums . . ."

"Acquire", as defined by Section 2, Subsection (6) of Article 1528b,
V.C.S., "means and includes construct, acquire by purchase, lease,
devise, gift, or other mode of acquisition. "

In view of these statutes, it is our opinion the Commissioners'
Court may expend monies to pay a portion of the salary for the
manager of the museum, as a joint participant with the City of Canadian
and the local Chamber of Commerce. The statutes do not require that
the county own the property before it can become a joint participant
and expend its monies in this connection.

## SUMMARY

Under the provisions of Article 2372d, V. C. S. , and Article 6081e, V. C. S. , the Commissioners' Court may expend monies to pay part of the salary of the manager of a museum under the facts presented.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James Hackney
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

J. C. Davis
Bill Campbell
Sally Phillips
Max Hamilton

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant